IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **AMRIZE MID-ATLANTIC, INC.,** f/k/a HOLCIM-MAR, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | 2:25cv1615 **Electronic Filing** |
| **RAW RESOURCES, LLC, RAW RESOURCES GROUP, LLC,** | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

Amrize Mid-Atlantic, Inc., f/k/a Holcim-Mar, Inc. ("Amrize" or "plaintiff"), filed this action against Raw Resources, LLC, ("Raw") and Raw Resources Group, LLC, ("Raw Group"), (collectively, "defendants"), seeking redress for breach of contract arising out of the construction of a facility in Armstrong County, Pennsylvania. Presently before the court is defendants' motion to dismiss based on an asserted forum selection clause in the parties' agreement. For the following reasons, defendants' motion will be denied.

Generally, motions to dismiss for improper venue are decided under Fed. R. Civ. P. 12(b)(3). The United States Court of Appeals for the Third Circuit has held, however, that dismissal under Fed. R. Civ. P. 12(b)(6) is proper where a forum selection clause designates another court as the exclusive venue for litigation. See Salovaara v. Jackson Nat'l Life Ins. Co., 246 F.3d 289, 298-99 (3d. Cir. 2001) (recognizing that Rule 12(b)(6) may be utilized where the parties' agreement restricts venue to another forum and permits suit to be filed there in federal court) (citing Crescent Int'l Inc. v. Avatar Communities, Inc., 857 F.2d 943, 944 (3d Cir. 1988)).

When considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the court "must accept all of the complaint's well-pleaded facts as true but may

disregard any legal conclusions." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). It must determine "whether the facts alleged in the complaint are sufficient to show the plaintiff has a 'plausible claim for relief.'" Id. at 211 (quoting Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court draw the reasonable inference that the defendant is liable for the misconduct alleged." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

In meeting this standard, the complaint must do more than merely allege the plaintiff is entitled to relief. It must "show such an entitlement with its facts." Fowler, 578 F.3d at 211 (citing Phillips v. County of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008)). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Id. (quoting Iqbal, 556 U.S. at 679).

The allegations in the complaint viewed in the light most favorable to plaintiff are as follows. Plaintiff is a Maryland corporation with its principal place of business there. It produces building materials and specializes in building solutions - from a property's foundation to its rooftop. Raw is a Delaware limited liability company with its principal place of business in West Virginia. It is a construction company that offers a wide range of engineering, construction and maintenance services. Raw Group is also a Delaware limited liability company with its principal place of business in West Virginia. Raw Group is the parent company of Raw.

On April 20, 2023, plaintiff and Raw executed a written purchase agreement (the "Agreement"), for goods and services. The Agreement required Raw to construct an "LWA facility" in South Bend, Pennsylvania, and in return plaintiff agreed to pay $34,980,000.00 for the construction. On May 17, 2023, plaintiff advanced to defendants $9,500,000.00 of the initial $10,000,000.00 required by the Agreement. Then, on April 26, 2024, plaintiff sent defendants a

letter formally notifying them that it intended to terminate for convenience pursuant Section 23(b) of the Agreement.

The Agreement contained a clause in Paragraph 14 setting forth the governing law and addressing the parties' submission to jurisdiction. It stated:

> This Agreement and the respective rights and obligations of the parties hereto, shall be governed by and construed in accordance with the laws of the State in which the Services are performed, and Seller and Buyer irrevocably consent to the jurisdiction of the courts of the state and county where the project is located for all purposes in connection with any actions or proceedings which arise from or relate to this Agreement.

The Agreement's termination became effective on May 6, 2024. Section 23(b) also entitled plaintiff to recovery. Seeking to exercise this right, plaintiff inquired sometime in October of 2024 about when defendants expected to process the cash refund. Having not received its funds by October 16, 2025, plaintiff formally demanded that defendants refund the deposit. Plaintiff then filed this action.

Defendants contend the complaint should be dismissed on the ground that it violates an exclusive forum selection clause in Paragraph 14. This provision supposedly contained language limiting forum selection exclusively to the Court of Common Pleas of Armstrong County. Plaintiff's decision to file suit in the United States District Court for the Western District of Pennsylvania assertedly violated that clause. As a result, the court should apply a modified *forum non conveniens* analysis and afford plaintiff's choice of forum considerably less deference. Thus, defendants conclude that the modified analysis will result in the complaint's dismissal for selection of an improper forum.

In response, plaintiff maintains that this court is a proper forum because Paragraph 14 is a permissive consent-to-jurisdiction clause. Its language purportedly established an understanding between the parties to bring any claims under the law of Pennsylvania but not to file them in any

particular forum therein. In support, plaintiff references case law purportedly demonstrating courts in this jurisdiction have found similar contractual language creates a permissive consent-to-jurisdiction clause. Because the clause is permissive in nature, plaintiff reasons the court is required to apply a standard *forum non conveniens* analysis. And under the standard analysis, plaintiff concludes that the court will find its selection of this forum is proper and deny defendants' motion.

Here, the contested language in Paragraph 14 establishes a permissive consent-to-jurisdiction provision, and therefore plaintiff has filed its complaint in an appropriate forum. When the court interprets a contract, it is to give "effect to the intent of the parties as objectively manifested by the terms of their agreement." The intent of the parties to a written agreement is to be ascertained in the first instance from the writing itself, and where the words are clear and unambiguous, their intent must be ascertained from the expressed language chosen by the parties. Zokaites v. Land-Cellular Corp, 424 F. Supp.2d 824, 835 (W.D. Pa. 2006) (citing Espenshade v. Espenshade, 729 A.2d 1239, 1243 (Pa. Super. 1999)). Further, "[a] permissive clause authorizes jurisdiction in a designated forum but does not prohibit litigation elsewhere, whereas a mandatory clause dictates an exclusive forum for litigation under the contract." Agri-Marketing, Inc. v. ProTerra Sols., LLC, 2018 WL 1444167, at * 3 (E.D. Pa. Mar. 22, 2018).

The language in the Agreement is unambiguous. The parties consented to litigate any claims arising from the contract under the laws of Pennsylvania but did not exclusively mandate a specific forum. In other words, "[a]bsent from the clause are any 'hallmarks of a mandatory clause, such as a requirement that disputes shall be submitted to the jurisdiction of [particular] courts, or the terms, exclusive, sole, or only.'" Meridian Consulting I Corporation, Inc. v. Eurotec Canada Ltd., 2021 WL 689132 at * 11 (D.N.J. Feb. 22, 2021).

The Agreement is devoid of language constraining litigation to the Court of Common Pleas of Armstrong County. Rather, the only language indicative of an intent to establish exclusivity is the first sentence which states in part: "the respective rights and obligations of parties hereto, shall be governed by and construed in accordance with the laws of the State in which the Services are performed[.]" In a diversity action, the matter is governed by the laws of state in which the federal court sits. In this instance, the laws of Pennsylvania govern. Thus, by filing the complaint in the Western District, plaintiff has honored the clause's mandate that any dispute be heard under Pennsylvania law.

Furthermore, defendants' contention that the phrase indicating the parties "irrevocably consent to the jurisdiction of the courts of the state and county where the project is located" creates exclusivity in state court is unpersuasive. Such language does not foreclose or prohibit a party from filing a complaint in the United States District Court of that state and county. A "'permissive forum selection clause,' which is perhaps more appropriately referred to as a 'consent to jurisdiction' clause, merely specifies the court empowered to hear litigation, in effect waiving any objection to personal jurisdiction in venue; such a clause is 'permissive' since it allows parties to air any dispute in that court without requiring them to do so." Int'l Bus. Software Sol., Inc., v. Sail Labs Tech., 440 F. Supp.2d 357, 363 n. 2 (D.N.J. 2006). In this instance, the language in Paragraph 14 is by definition permissive as it expressly empowers the parties to have their disputes resolved in Western Pennsylvania but does not confine them to a specific court therein or otherwise. Consequently, defendants have failed to show the clause is an exclusive forum clause and thus a traditional *forum non conveniens* analysis applies.

Under a traditional *forum non conveniens* analysis, the United States District Court for the Western District of Pennsylvania is an appropriate forum. The plaintiff's choice of forum should rarely be disturbed. PATS Aircraft, LLC v. Vedder Munich GmbH, 197 F. Supp.3d 663,

676 (D.D.E. 2016). The "district court may, in the exercise of its sound discretion, dismiss a case 'when an alternative forum has jurisdiction to hear the case, and when trial in the chosen forum would 'establish. . . oppressiveness and vexation to a defendant. . . out of all proportion to the plaintiff's convenience." Id. (quoting Lony v. E.I. Du Pont de Nemours & Co., 886 F.2d 628 (3d Cir. 1992)).

"When considering a motion to dismiss on *forum non conveniens* grounds, a district court must first determine whether an adequate alternative forum can entertain the case. If such a forum exists, the district must then determine the appropriate amount of deference to be given to a plaintiff's choice of forum. Once the district has determined the amount of deference due to plaintiff's choice of forum, the district court must balance the relevant public and private interest factors. If the balance of these factors indicates that trial in the chosen forum would result in oppression or vexation to the defendant out of proportion to the plaintiff's convenience, the district court may, in its discretion, dismiss the case on *forum non conveniens* grounds." Howden North America Inc. v. Ace Property & Cas. Ins. Co., 875 F. Supp.d 478, 487 (W.D. Pa. 2012).

Forum and venue are proper in the Western District of Pennsylvania. First, plaintiff's decision to file in this forum is given considerable weight. Plaintiff is the master of its litigation strategy and chose to file its complaint in this court. Second, this district encompasses Armstrong County. Ostensibly, there is not a more convenient venue for witnesses and job site employees than the Western District of Pennsylvania. Thus, relevant public considerations weigh strongly in favor this forum.

The private considerations also support plaintiff's selection of this forum. Because defendants maintain their principal places of business in West Virginia and plaintiff maintains its in Maryland, this location does not prove oppressive or vexatious to defendants. Both parties

must travel to the courthouse, but Pittsburgh, Pennsylvania, is a central location for all parties. Thus, the private considerations also weigh in favor of this forum.

In sum, when giving substantial deference to plaintiff's choice and weighing the public and private considerations pertaining to the litigation being filed in the Western District of Pennsylvania, the court concludes that defendants fail to show that the Court of Common Pleas of Armstrong County is a more convenient forum.

In conclusion, defendants have failed to demonstrate the existence of an exclusive forum selection clause. As a result, after conducting a traditional *forum non conveniens* analysis of plaintiff's choice of forum, the United States District Court for the Western District of Pennsylvania is an appropriate forum to hear the present matter. Consequently, defendants' motion to dismiss will be denied. An appropriate order will follow.

Date: September 21, 2026

s/David Stewart Cercone
David Stewart Cercone
Senior United States District Judge

cc: Michael A. Comber, Esquire
Michelle D. Nasser, Esquire
Ashanti D. Carey, Esquire
Jimmy Lorenzo Arce, Esquire
Gaelle Sakr, Esquire
J. David Ziegler, Esquire

(*Via CM/ECF Electronic Mail*)